UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

SCOTT WILLIAMS,

                                    Plaintiff,

                      -against-

Lt. SAHA STEPHENS[1]; NYCPD[2], P.O. JOHN DOE(S) 1 THROUGH 5 (TRUE NAMES UNKNOWN), And THE CITY OF NEW YORK,

                                   Defendants.

------------------------------------------------------------------------- x

**DEFENDANT CITY OF NEW YORK'S ANSWER TO THE COMPLAINT**

14 CV 5126 (MKB) (JO)

<u>Jury Trial Demanded</u>

       Defendant City of New York, by it's attorney Zachary W. Carter, Corporation Counsel of the City of New York, for its Answer to the complaint, respectfully alleges, upon information and belief, as follows:

       1. Denies the allegations set forth in paragraph "1" of the complaint, except admits only that plaintiff purports to proceed as stated therein.

       2. Denies the allegations set forth in paragraph "2" of the complaint, except admits only that plaintiff purports to proceed as stated therein

       3. Denies the allegations set forth in paragraph "3" of the complaint, except admits only that plaintiff purports to invoke the jurisdiction and pendent jurisdiction of this Court as stated therein.

---

[1] Upon information and belief, there is no Lieutenant Sasha Stephens employed by the New York City Police Department, nor was there any individual by that name employed by the police department on or about May 2, 2014.

[2] It is assumed that by naming "NYCPD" as a defendant, plaintiff purported to name the New York City Police Department as a defendant. The New York City Police Department, however, is a non-suable entity. <u>See</u>, <u>Rossi v. New York City Police Dep't</u>., 94 Civ. 5113(JFK), 1998 U.S. Dist. LEXIS 1717 (SDNY Feb. 17, 1998) (the NYPD is an organizational subdivision of the City of New York lacking legal independent existence and as such is a non-suable entity).

3. Denies the allegations set forth in paragraph "3" of the complaint, except admits only that plaintiff purports to invoke the jurisdiction and pendent jurisdiction of this Court as stated therein.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

5. Admits the allegations set forth in paragraph "5" of the complaint.

6. Denies the allegations set forth in paragraph "6" of the complaint regarding the employment by the New York City Police Department of Lt. Sasha Stephens and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth concerning the purported employment of the John Doe defendants. Defendant further states that the allegations that "Lt. Stephens and the John Doe defendants were acting in the scope of their employment" is a legal conclusion to which no response is required.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits only that plaintiff purports to sue the individuals set forth therein.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits only that plaintiff filed a document purporting to be a Notice of Claim with the New York City Comptroller's Office on July 2, 2014.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits only that plaintiff's alleged Notice of Claim has not been paid nor adjusted.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits only that plaintiff Scott Williams filed the complaint in this case on or about September 11, 2014.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits only that plaintiff was handcuffed on or about May 2, 2014 pursuant to a lawful arrest.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits only that plaintiff was lawfully arrested on or about May 2, 2014.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint, except admits only that plaintiff was lawfully arrested on or about May 2, 2014.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint, except admits plaintiff was lawfully arrested on May 2, 2014 and his arrest was assigned identification number Q14627245..

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendant repeats and realleges all of the preceding paragraphs of this answer, as if fully set forth herein.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendant repeats and realleges all of the preceding paragraphs of this answer, as if fully set forth herein.

26. Denies each and every allegation set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendant repeats and realleges all of the preceding paragraphs of this answer, as if fully set forth herein.

28. Denies each and every allegation set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendant repeats and realleges all of the preceding paragraphs of this answer, as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendant repeats and realleges all of the preceding paragraphs of this answer, as if fully set forth herein.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Paragraph "36" of the complaint sets forth legal conclusions, rather than factual averments and accordingly no response is required, however, to the extent a response is required defendant denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendant repeats and realleges all of the preceding paragraphs of this answer, as if fully set forth herein.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41 of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendant repeats and realleges all of the preceding paragraphs of this answer, as if fully set forth herein.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, defendant repeats and realleges all of the preceding paragraphs of this answer, as if fully set forth herein.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendant repeats and realleges all of the preceding paragraphs of this answer, as if fully set forth herein.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. In response to the allegations set forth in paragraph "52" of the complaint, defendant repeats and realleges all of the preceding paragraphs of this answer, as if fully set forth herein.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. Denies each and every allegation set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

58. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

59. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

60. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of the defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

61. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

62. Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

63. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

64. The New York City Police Department is not a sueable entity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

65. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

66. To the extent the complaint alleges any claims arising out of the laws of the State of New York, such claims may be barred as a result of the plaintiff's failure to comply with General Municipal Law § 50-e, *et seq.*

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

67. Plaintiff's claims are barred in whole or in part, by the applicable limitations periods.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

68. To the extent any force was used, such force was reasonable, necessary and justified.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

69. Plaintiff has failed to mitigate damages, if any.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

70. Plaintiff has failed to state a viable <u>Monell</u> claim under <u>Monell v. Dep't. of Soc. Sers.</u>, 436 U.S. 658 (1978).

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         January 30, 2015

        ZACHARY W. CARTER
        Corporation Counsel of the
         City of New York
        *Attorney for Defendant City of NY*
        100 Church Street | 3-161
        New York, New York 10007
        Tel: (212) 356-3531

By: _____
    David M. Pollack
    Assistant Corporation Counsel
    Special Federal Litigation Division

To:   BY E.C.F.
      Garnett H. Sullivan, Esq.